Judge Owsley
delivered the opinion of the court.
This was an action of trespass quare clausum fregit, brought by Gibson against Owings, for forcibly entering upon the close of Gibson, and cutting down and taking therefrom a quantity of timber.
The general issue was pleaded, and during progress of the trial, various exceptions were taken to the opinions and instructions of the court; and a verdict found in favor of Gibson, for $1,000.
A motion was made by Owings for a new trial, but it was overruled by the court, and judgment rendered in conformity to the verdict.
From that judgment, Owings appealed to this court.
After the evidence on the part of Gibson was all given to the jury, the counsel for Owings moved the court to instruct the jury as in case of a non suit, on the ground of Gibson not being possessed of the land when the trespass was committed, but the motion was overruled.
This court is of opinion the motion was properly overruled. The evidence was of a character from which the jury might infer possession in Gibson; and was, no doubt, properly left to their determination. It is true, there was a tenant on part of the tract, when the trespass was committed; and, if the tenant’s possession would be construed to include the land whereon the injury was committed, an action of trespass could not be maintained therefor by Gibson; for, to maintain an action of trespass for an injury to land, the plaintiff must have the possession in part when the injury is done.
But, we are of opinion, the evidence was not of that description which would enable the court, in deciding in Owings’ motion, to determine the possession to be in the tenant, but that it was properly left with the jury, as appears by the further instructions of the court, to determine whether the tenant or Gibson was possessed of the land when the trespass was committed.
After the court had refused to instruct the jury to find, as in case of a non suit, Owings offered in evidence, a patent of elder date than that under which Gibson holds, and including all the land whereon the trespass was committed, but the court rejected the patent from going to the jury.
*516 In rejecting the patent, we are of opinion, that court decided correctly. The patent not having issued to Owings, it was certainly incompetent for him, either in mitigation of damages, or in justification of the trespass, to use it on the trial, unless he could shew a deduction of title from the patentee, or that he entered by his permission or under an authority from him; neither of which, however, appears from the record to have been attempted on the trial. Nor can the patent have been admissible for the purpose of proving the extent or limits of Gibson’s possession; for, as Gibson appears to have taken possession within the boundary of that patent under an adverse claim, the boundary of the claim under which the possession was taken, and not the boundary of the rejected patent, must give limits to his possession. The possession of Gibson, it is true, was not taken in person by himself, but by a tenant; and it will be conceded, that if the tenant had entered with an intention of taking possession of a described boundary within Gibson’s claim, the limits of that boundary, and not those of Gibson’s claim, would form the extent of the possession; but from the terms of the lease first given by Gibson for the land, it is obvious, the possession of the tenant was designed to be coextensive with his claim But, whilst through the agency of a tenant, Gibson may be correctly said to have gained the possession to the extent of his claim, it is proper to remark, that the possession so acquired, does not, to its full extent, appear from the evidence, to have been transferred to the tenant on the land when the trespass was committed. A possession of part of the land was no doubt then in lease, but from the evidence, the jury might infer, that part did not include the land trespassed on.
To that part, therefore, which was not then in lease, Gibson must be supposed to remain possessed; for, having been once in part possessed, that possession ought to be construed to continue until it is proven to be abandoned by him, and there is nothing in this case conducing to such an abandonment.
It remains to decide whether, or not, a new trial should have been awarded.
The application for a new trial was made on the grounds,
1. Of the verdict being against law and evidence.
2. Of the court having decided the law incorrectly in the progress of the trial.
3. Of excessiveness of damages.
An alledged surprise in this, that the presiding judge had been counsel for plain’t & defendant did not expect he could sit, and therefore did not prepare himself, is not a sufficient cause for a new trial, prudential motives may prevent a judge formerly counsel from sitting in a cause, but sitting or not is discretionary with the judge.
4. On the grounds of surprise.
With respect to the first and second grounds, nothing occurs to this court as being material to be said, in addition to the remarks already made: for, if we are correct in the opinion already expressed, it follows, that those grounds furnish no reason for a new trial.
And, as to the excessivenes of damages, we entertain no doubt, but the jury has not given more, than is authorised by the evidence.
The grounds of surprise are contained in the affidavit of Owings; and from that, it appears, Owings was not present at the trial; and, he states, his absence was occasioned by an impression the suit would not be called on the day the trial was had, but if it should, he supposed it could not be tried, owing to the presiding judge having been employed as counsel for his adversary, Gibson, and, affirms that, if he had known the cause would have been tried, he would have been prepared with evidence to repel that which was introduced by Gibson.
We are of opinion, the affidavit of Owings furnishes no sufficient cause for a new trial.
It does not appear from the affidavit, that Owings was ever informed, either by the judge or Gibson, that the judge would not preside on the trial, but he seems, to have supposed, the judge would not sit, merely from the circumstance of his having been, previous to his appointment as judge, engaged in the cause, as counsel, for Gibson. That circumstance, we do not, however, suppose, furnishes a sufficient apology for the failure of Owings to attend the trial. Every engagement, which may be made by a lawyer to prosecute a suit, certainly does not, forever thereafter, disqualify him from adjudicating in the cause. He may have been employed without having received any compensation, or without having given any advice or opinion upon any point involved in the controversy; and, for ought that appears in the record, such may have been the nature of the engagement as counsel of the judge who presided on the trial of the present case. Prudential considerations might, in some instances, induce the judge so employed, not to preside on the trial; but then, as it is a matter of discretion with him, it cannot be imposing more upon the litigant, than ought to be required from a suitor ordinarily attentive to his own concerns, to ascertain from the judge, before the trial, whether or not, he would preside. Owings *518 could not rationally suppose, that his adversary would permit the cause to remain in court without taking any steps to bring it to trial, and if he apprehended any prejudicial consequences from the bias of the judge, he should have adopted means to remove the cause to some other court: but having failed to do so, he ought not, after a trial of the cause, and especially as that trial was not had until after one continuance of the cause whilst the judge presided, to be permitted to urge his failure to attend the trial, as a cause for setting aside the verdict.
Haggin for appellant, Pope for appellee.
The judgment must be affirmed, with costs and damages.